**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SANDRA VATALARO,

                Plaintiff,

          -v-                            6:26-CV-156 (AJB/ML)

GARLAND POPEO _et al._,

                Defendants.

_____

**APPEARANCES:**                              **OF COUNSEL:**

SANDRA VATALARO
Plaintiff, Pro Se
1661 Dudley Avenue
Utica, NY 13501

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On January 30, 2026, _pro se_ plaintiff Sandra Vatalaro ("plaintiff") filed this civil action against Judge Garland Popeo, the New York State DMV Commissioner, and the Oneida County District Attorney. Dkt. No. 1. Along with her complaint, plaintiff sought leave to proceed _in forma pauperis_ ("IFP Application"). Dkt. No. 2. Plaintiff also moved on an emergency basis for a temporary restraining order. Dkt. No. 3.

On February 2, 2026, U.S. Magistrate Judge Miroslav Lovric reviewed plaintiff's pleading, concluded that the complaint was illegibly drafted, and directed plaintiff to re-file the document in a legible format. Dkt. No. 5. Plaintiff's IFP Application was denied without prejudice to refiling in connection with a legible pleading. _Id_. Thereafter, plaintiff filed an amended complaint, Dkt.

- 1 -

No. 8, and renewed her IFP Application, Dkt. No. 9.  Soon after, plaintiff also filed a letter motion requesting that her temporary restraining order be granted immediately.  Dkt. No. 10.

On February 19, 2026, this Court reviewed plaintiff's filings, denied her motion for a temporary restraining order, and referred the amended complaint and renewed IFP Application to Judge Lovric for an initial review.  Dkt. No. 11.  The next day, plaintiff filed an emergency petition for a writ of mandamus, Dkt. No. 12, which was later denied as moot in light of the Court's decision to deny the temporary restraining order, Dkt. No. 14.

On February 20, 2026, Judge Lovric conducted a review of plaintiff's amended complaint and concluded—as before—that certain pages were not legible.  Dkt. No. 13.  Judge Lovric denied plaintiff's IFP Application without prejudice and invited her to re-file a completely legible complaint along with a renewed IFP application.  *Id*.  Thereafter, plaintiff filed a second amended complaint, Dkt. No. 15, and a renewed IFP Application, Dkt. No. 16.  The next day, plaintiff also filed another emergency motion for a temporary restraining order.  Dkt. No. 17.  This Court denied the motion for emergency relief and referred the case to the magistrate judge for an initial review in due course.  Dkt. No. 18.

On March 3, 2026, Judge Lovric granted plaintiff's IFP Application and, after conducting an initial review of the operative pleading, advised by Report & Recommendation ("R&R") that plaintiff's second amended complaint be dismissed without leave to amend.  Dkt. No. 19.  As Judge Lovric explained, plaintiff's second amended complaint appeared to allege that between 2010 and 2012, plaintiff was charged with multiple state-court crimes, pleaded guilty to those crimes under duress, and, despite having completed her sentence and paid her fines, is still subject to an ignition interlock device as a result of a change in relevant state law.  *See id*.

Based on his review of the pleading, Judge Lovric determined that plaintiff's second amended complaint was deficient because it lacked an arguable basis in law or fact, *i.e.*, it was "frivolous and nonsensical." Dkt. No. 19. Even assuming otherwise, Judge Lovric concluded that defendants were immune from suit, either on the basis of judicial immunity and/or Eleventh Amendment immunity (as to defendants Popeo and the DMV Commissioner) or the basis of prosecutorial immunity (was to defendants Oneida County District Attorney or attorneys). *Id.* To the extent that one or more federal-law claims might otherwise be permissible against one or more of these defendants, Judge Lovric explained that plaintiff's claims were either barred by the *Rooker-Feldman* doctrine or failed on the merits based on the applicable limitations period. *Id.* As relevant here, Judge Lovric concluded that further amendment would be unwarranted. *Id.*

Plaintiff has lodged objections. Dkt. No. 20. Shortly thereafter, plaintiff filed an emergency motion seeking Judge Lovric's recusal, Dkt. No. 21, and lodged supplemental objections to the R&R. Dkt. No. 22. Judge Lovric has denied plaintiff's motion for recusal. Dkt. No. 23.

Upon *de novo* review, Judge Lovric's R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C). First, the Court agrees that plaintiff's motion for recusal failed to establish a valid basis for relief. Second, after reviewing the objections, the Court concludes that plaintiff's filings do not warrant any relief from the R&R, either.

To the extent that plaintiff might be seeking to collaterally attack certain state-law consequences flowing from her state-law criminal conviction from the early 2010s, any such claim would in fact be time-barred (and would not, contrary to plaintiff's objections, be subject to the "continuing violation" doctrine). Such a claim would also be subject to dismissal for the reasons set forth in Judge Lovric's R&R, including but not limited to the various constitutional immunity principles he has identified.

Alternatively, to the extent that plaintiff's second amended complaint might be understood as some kind of § 1983 procedural due process challenge to the New York State DMV's continued imposition of the ignition interlock device, plaintiff has been given several opportunities to try to allege some details about how her state-law property rights might have been violated or how the process she received (if any) was constitutionally inadequate.  She has not done so.

But even if she had, the general consensus among the federal trial courts is that the place to pursue such a challenge to formal or established DMV action or inaction would be in a state-court Article 78 proceeding.  *See, e.g.*, *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 303–04 (N.D.N.Y. 2019); *Collins v. Saratoga Cnty. Support Collection Unit*, 2012 WL 2571288, at \*6–\*7 (N.D.N.Y. July 3, 2012) (analyzing similar claim under "the more onerous state-procedure analysis" but concluding that an Article 78 proceeding remained a sufficient remedy regardless of whether it was a random, unauthorized act or the intentional application of a state policy).

In sum, plaintiff's second amended complaint does not plausibly allege any constitutional claims that would give rise to federal-court jurisdiction, and based on a review of the filings and the procedural history of this case it does not appear that granting plaintiff leave to further amend would be productive.  To the extent that plaintiff believes that she is wrongfully suffering from continuing collateral consequences from her state-court conviction, her remedy almost certainly lies in the form of some state-court post-conviction proceeding, such as habeas corpus.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 19) is ACCEPTED; and

2.  Plaintiff's second amended complaint (Dkt. No. 15) is DISMISSED without prejudice but <u>without</u> leave to further amend.

- 5 -

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  April 3, 2026
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge